*Rigg* and *Winn*, for plaintiff and appellant.

*Janin* and *Boyce*, for defendant and appellee.

---

## HALL *vs.* MARSHALL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where the petition claims section No. 27, and the evidence shows that the land occupied by the defendant, is No. 28, the plaintfff will be precluded under the pleadings, from showing title to No. 28, and a judgment of non-suit entered.

The circumstance of the defendant setting up title to sections 27 and 28, in his answer, will not authorise testimony to prove title to land not claimed in the petition.

The plaintiff claims to be the owner of section 27, in a certain township of land, which he purchased at the probate

sale of the estate of one Thomas Broderick, by the parish judge of Avoyelle, in 1827. He alleges the defendant has taken wrongful possession of it, and sets up adverse title thereto.

The defendant avers, that the proceedings of the probate judge were illegal, and that at the sale, the plaintiff, who is the brother-in-law of John Stafford, the curator of Broderick's succession, purchased the premises for the use and benefit of the latter. That said purchase is null and void in law, as having been made indirectly by the curator, which is forbidden. He claims title through one Reuben Ray, to whom Broderick sold his inchoate rights in his life time; and also all Stafford's right to the same land, under a sheriff's sale, and several mesne conveyances.

It was disclosed in evidence, that the section of land claimed, was No. 28, and not 27, as alleged in the petition. The defendant had judgment, and the plaintiff appealed.

PORTER, J., delivered the opinion of the court.

This is a petitory action. The plaintiff claims section 27, in township No. 1, south of the 31st degree of latitude, in range No. 2, east of the basis meridian, under a settlement made by one Thomas Broderick, deceased, which he avers entitles him to a pre-emption.

The evidence show that the land occupied and claimed by the defendant, is section 28, and they objected to the plaintiff's right, under the pleadings, to show any title to that section.

We think the objection was well taken and that the evidence should not have been received. The plaintiff contends that he had a right to offer the proof, because the defendant in his answer set up a right to both sections 27 and 28, but the assertion of title to land, not claimed in the petition, formed no issue on which evidence could be received.

The judgment of the court below is final, we think it should be one of non-suit.

Where the petition claims section No. 27, and the evidence shows that the land occupied by the defendant, is No. 28, the plaintiff will be precluded under the pleadings, from showing title to No. 28, and a judgment of non-suit entered.
The circumstance of the defendant setting up title to sections 27 and 28 in his answer, will not authorise testimony to prove title to land not claimed in the petition.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, that there be judgment for defendant, as in case of non-suit, with costs in the court below, those of appeal to be borne by the appellee.

*Flint,* for the plaintiff.          *Winn, contra.*